UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:20-CV-81404

DAVID OCASIO and JOKAYLVEIA WARD,
on behalf of themselves and all others
similarly situated,

 Plaintiffs,

v.

FTF EQUITY GROUP CORPORATION,
D/B/A WHOLESALE FINANCE
CAPITAL, CORP., and MICHAEL GOLDSTEIN,
individually.

 Defendants.
_____/

## COMPLAINT FOR DAMAGES AND JURY DEMAND

Plaintiffs David Ocasio ("Ocasio") and Jokaylveia Ward ("Ward"), on behalf of themselves and all others similarly situated, collectively, the "Plaintiffs" bring this action against FTF Equity Group Corporation, d/b/a Wholesale Finance Capital Corp. ("WFCC"), and Michael Goldstein, collectively, the "Defendants," for minimum wage compensation and unpaid overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and for breach of contract for unpaid wages and unpaid commissions, as well as for fees and costs pursuant to Section 448.08, Florida Statutes.

**Parties, Jurisdiction and Venue**

1. Plaintiff Ocasio and Plaintiff Ward are currently residents of Broward County, Florida, are over the age of 18 and otherwise *sui juris*.

2. Defendant WFCC is Florida for profit corporation, does business throughout the United States, including Miami-Dade, Broward, and Palm Beach County, Florida, and has its

principal place of business located at 1815 Purdy Avenue, Miami Beach, FL 33139.  At all times relevant to the Complaint, Plaintiffs reported to Defendant WFCC's Palm Beach County office, located at 2054 Vista Pkwy, #400, West Palm Beach, Fl 33411.

3.      At all times relevant to this Complaint, Defendant WFCC has been engaged in interstate commerce and is a covered employer for purposes of the FLSA.

4.      Defendant Goldstein has at all times material hereto been an officer and owner of a business operating in Palm Beach County, Florida, within the jurisdiction of this Court.

5.       This action is brought to recover from Defendants for unpaid minimum wage compensation, unpaid overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. § 216(b), as well as for unpaid wages, unpaid commissions, and reasonable attorneys' fees and costs pursuant to Section 448.08, Florida Statutes.

6.      Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 29 U.S.C. § 216(b), and supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. § 1367.

7.      Venue in this District is proper because the causes of action upon which this action is based accrued, in part, in Palm Beach County, Florida, Defendant WFCC is a corporation doing business in this judicial district, within the meaning of 28 U.S.C. § 1391(c), and, on information and belief, Defendant Goldstein is a resident of Palm Beach County, Florida

## General Allegations

8. Plaintiffs reallege, as if fully set forth herein, the allegations of paragraphs 1 through 7 above.

9. At all times material to this Complaint, Defendant WFCC had two (2) or more employees who regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

10. The annual gross revenue of Defendant WFCC was at all times material hereto in excess of $500,000.00.

11. At all times material, Defendant WFCC was an enterprise engaged in interstate commerce as defined by § 3(r) and 3(s) of the FLSA, 29 U.S.C. §§203(r) and 203(s).

12. At all times material hereto, Defendant Goldstein managed and/or operated Defendant WFCC, and regularly exercised the authority to hire and fire employees, determined the work schedules of employees, set the rate of pay for employees, and/or controlled the finances and operations of Defendant WFCC.  By virtue of such control and authority, Defendant Goldstein is an employer of Plaintiffs as such term is defined by the FLSA, 29 U.S.C. § 203(d).

13. Plaintiff Ocasio worked for Defendants as a Business Loan Advisor from December 17, 2019, until May 31, 2020.

14. Plaintiff Ward worked for Defendants as a Business Loan Advisor from March 28, 2020, until May 5, 2020.

15. As Business Loan Advisors, Plaintiff Ocasio and Plaintiff Ward were to be paid the following compensation: (1) a salary of $1,900.00 per month (representing the base pay for 40 hours per week); (2) a $250.00 to $1,000.00 bonus for every week in which he/she landed three or more deals; and (3) a 1.5 to 2% commission on every loan application that resulted in a

loan approval offer.  A true and correct copy of the Business Development Agreement presented to all Business Loan Advisors, including Plaintiffs, is attached hereto at Exhibit A.

16. As Business Loan Advisors, both Mr. Occasion and Ms. Ward worked primarily out of their homes and would take calls via their computers from a phone bank that was set up by Defendants.

17. Plaintiff Ocasio and Plaintiff Ward were both assigned weekly schedules by Defendants consisting of at least 9 a.m. to 5 p.m. Monday to Friday, as well as Saturdays, resulting in their regularly working 50 hours or more every week.

18. Defendants intentionally misclassified their Business Loan Advisors as independent contractors and/or inside salespeople in order to avoid their obligations under the FLSA.

19. For the first two months that Plaintiff Ocasio worked for Defendants, he was regularly paid his salary on the fifteenth and last day of those months, although such payments were made through PayPal with no sort of paystub available.

20. In or around February 2020, Defendants stopped paying Plaintiff Ocasio on a regular basis, resulting in his having to repeatedly request that his salary be paid.  Further, on certain occasions, Defendants would purportedly issue a payment through PayPal, just to cancel the payment last minute.  A true and correct copy of one such failed PayPal receipt is attached hereto as Exhibit B.

21. As a result of Defendants improper pay procedures, Plaintiff Ocasio was not paid any salary at all in May 2020, and Defendants failed to pay Plaintiff Ward any salary at all for the entire duration of her employment.

22. During his five (5) months with Defendants, Plaintiff Ocasio submitted numerous loan applications that resulted in loan approval offers.

23. Plaintiff Ocasio's efforts directly resulted in approved loans by WFCC exceeding $1,200,000.00, for which WFCC owed Mr. Ocasio a minimum of $24,000.00 in commissions.

24. At no point during and following his employment with Defendants, however, have Defendants made any attempt to pay Plaintiff Ocasio the commissions he is owed.

25. During her two (2) months with Defendants, Plaintiff Ward submitted numerous loan applications that resulted in loan approval offers.

26. Plaintiff Ward's efforts directly resulted in approved loans by Defendant WFCC exceeding $1,250,000.00, for which Defendant WFCC owed Ms. Ward a minimum of $25,000.00 in commissions.

27. At no point during and following her employment with Defendants, however, have Defendants made any attempt to pay Ms. Ward the commissions she is owed.

28. The records, if any, concerning the number of hours worked, the amounts paid to Plaintiffs, and the commissions owed to Plaintiffs should be in the possession and custody of Defendants.

## COUNT I – FLSA (29 U.S.C. § 206)
## RECOVERY OF FEDERAL MINIMUM WAGE COMPENSATION
## (As to All Defendants)

29. Plaintiffs adopt and reallege, as if fully set forth herein, the allegations contained in paragraphs 1 through 28 above.

30. Plaintiffs were entitled to be paid at no less than the Federal Minimum Wage of $7.25 per hour for all hours worked on behalf of Defendants during the time period relevant to

this Complaint, specifically December 17, 2019, through May 31, 2020.

31. Defendants knowingly and willfully withheld paying Plaintiff Ocasio his wages for the entire month of May 2020.

32. Defendants failed to pay Plaintiff Ward whatsoever for the work she performed for Defendants from March 28, 2020, through May 5, 2020.

33. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiffs have suffered damages plus incurred costs and reasonable attorneys' fees.

34. As a result of Defendants' willful violations of the FLSA, Plaintiffs are entitled to liquidated damages from Defendants.

35. Plaintiffs have retained the undersigned counsel to represent them in this action, and pursuant to 29 U.S.C. §216(b), they are entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendants.

WHEREFORE, Plaintiffs demand judgment, jointly and severally, against Defendants for the payment of all hours worked by Plaintiffs for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other proper relief, including interest.

## COUNT II – FLSA (29 U.S.C. § 207) RECOVERY OF OVERTIME COMPENSATION (As to All Defendants)

36. Plaintiffs adopt and reallege, as if fully set forth herein, the allegations contained in paragraphs 1 through 28 above.

37. The FLSA requires that employers pay employees time and one-half their regular rate of pay for all hours worked in excess of 40 in each work week, unless the employer can establish an exemption applies.

38.     Plaintiffs are entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week because they were non-exempt employees under the FLSA.

39.     Between December 17, 2019, and May 31, 2020, Plaintiff Ocasio regularly worked in excess of 40 hours – approximately 50 hours on average per workweek– without receiving any overtime compensation.

40.     Between March 28, 2020, and May 8, 2020, Plaintiff Ward regularly worked in excess of 40 hours – approximately 50 hours on average per workweek– without receiving any overtime compensation.

41.     As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiffs time and one-half their regular rate of pay for each hour worked in excess of forty in work weeks between December 17, 2019, and May 31, 2020, Plaintiffs suffered damages and have been compelled to incur reasonable attorneys' fees and costs.

42.     As a result of Defendants' willful violation of the FLSA, Plaintiffs are entitled to liquidated damages in an amount equal to his unpaid overtime wages.

WHEREFORE, Plaintiffs demand judgment, jointly and severally, against Defendants for the payment of all overtime hours worked by Plaintiffs for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other proper relief, including interest

### COUNT III - Fla. Stat. §448.08
### BREACH OF CONTRACT - RECOVERY OF UNPAID WAGES
### (As to Defendant WFCC)

43.     Plaintiffs adopt and reallege, as if fully set forth herein, the allegations contained in paragraphs 1 through 28 above.

44.	Plaintiffs worked as Business Loan Advisors for Defendant WFCC at all times relevant in exchange for certain compensation as promised and agreed to by the Defendants.

45.	Defendants breached their agreement with Plaintiff Ocasio by not paying Plaintiff Ocasio his agreed upon salary of $1,900.00 per month for the work he performed from May 1, 2020, through May 31, 2020.

46.	Defendants breached their agreement with Plaintiff Ward by not paying Plaintiff Ward her agreed upon salary of $1,900.00 per month for the work she performed from March 28, 2020, through May 8, 2020

47.	By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiffs have suffered damages plus incurred costs and reasonable attorneys' fees.

48.	Plaintiffs have retained the undersigned counsel to represent them in this action, and pursuant to Fla. Stat. §448.08, Plaintiffs are entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendants.

WHEREFORE, Plaintiffs demand judgment against Defendant WFCC for the payment of all salary owed to them for the work they performed on behalf of Defendants from December 17, 2019, through May 31, 2020, reasonable attorneys' fees and costs of suit, and for all other proper relief, including interest.

## COUNT IV - Fla. Stat. §448.08
## BREACH OF CONTRACT - RECOVERY OF UNPAID COMMISSIONS
### (As to Defendant WFCC)

49.	Plaintiffs adopt and reallege, as if fully set forth herein, the allegations contained in paragraphs 1 through 28 above.

50.	Plaintiffs worked as Business Loan Advisors for Defendant WFCC at all times relevant in exchange for certain compensation as promised and agreed to by the Defendants.

51. Defendants breached their agreement with Plaintiff Ocasio by not paying Plaintiff Ocasio his agreed upon commissions, totaling $24,000.00, for the loans he landed for Defendant WFCC between December 17, 2019, through May 31, 2020.

52. Defendants breached their agreement with Plaintiff Ward by not paying Plaintiff Ward her agreed upon commissions, totaling $25,000.00, for the loans she landed for Defendant WFCC between March 28, 2020, through May 8, 2020

53. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiffs have suffered damages plus incurred costs and reasonable attorneys' fees.

54. Plaintiffs have retained the undersigned counsel to represent them in this action, and pursuant to Fla. Stat. §448.08, Plaintiffs are entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendants.

WHEREFORE, Plaintiffs demand judgment against Defendant WFCC for the payment of all commissions owed to them for the work they performed on behalf of Defendants from December 17, 2019, through May 31, 2020, reasonable attorneys' fees and costs of suit, and for all other proper relief, including interest.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable as of right by jury.

Respectfully submitted this 26th day of August, 2020.

By: .s/ Kevin D. Smith
Kevin D. Smith, Esq.
Florida Bar No. 0528137
kevin@kdsmithlaw.com
Law Offices of Kevin D. Smith, P.A.
6099 Stirling Road, Suite 101
Davie, FL 33314
Tel: (954) 797-9626
Fax: (954) 239-3956
Counsel for Plaintiffs